857 N.E.2d 429 (2006)
J.H., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A02-0604-JV-321.
Court of Appeals of Indiana.
November 29, 2006.
*430 David Pardo, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
VAIDIK, Judge.

Case Summary
J.H. appeals the revocation of his probation/suspended commitment. Because J.H. did not receive written notice of the claimed violation of his probation that was sufficiently detailed to allow him to prepare an adequate defense, his due process rights were violated. We therefore reverse the revocation of J.H.'s probation/suspended commitment.

Facts and Procedural History
J.H. was born on March 20, 1989. On March 28, 2003, J.H., under Cause Number 49D09-0302-JD-655 ("Cause No. 655"), admitted that he committed an act that would be Class C felony child molesting if committed by an adult. In exchange, the State dismissed two allegations that J.H. committed an act that would be Class B felony child molesting if committed by an adult. Thereafter, the juvenile court adjudicated J.H. a delinquent child and placed him on probation. As one of the conditions of his probation, J.H. was ordered to "obey all City, County, State, and Federal laws." Appellant's App. p. 145. The juvenile court modified J.H.'s probation once and found that he *431 violated his probation twice. For each of the violations, the juvenile court awarded wardship of J.H. to the Indiana Department of Correction ("DOC") but suspended that commitment and kept J.H. on probation with additional conditions.
On December 5, 2005, the State filed a Violation of Probation/Suspended Commitment alleging that J.H. had violated his probation/suspended commitment by committing an act that would be Class D felony theft if committed by an adult. On December 6, the juvenile court entered an Order to File Delinquency Petition under Cause No. 49D09-0512-JD-5216 ("Cause No. 5216") alleging that J.H. was a delinquent child for committing an act that would be Class D felony theft if committed by an adult. After an initial hearing that same day, J.H. was released in Cause No. 5216, the theft case, to informal home detention. On January 25, 2006, the juvenile court, with all parties present in court, modified the conditions of J.H.'s release in the theft case to "Formal Home Detention" and ordered J.H. "to have no contact with any computers." Id. at 109. The juvenile court entered the following order later that day:
1. [J.H.] is not allowed use of the internet for any purpose at any location.
2. The home computer is to be configured in such a way so that the internet cannot be accessed from that system.
3. The probation department is authorized and ordered to monitor the terms and conditions of these release conditions.
Id. at 111.
On January 30, 2006, members of the Neighborhood Resource Officers Unit ("NRO") went to J.H.'s house to check to see if he was home. The NRO told J.H.'s mother that they noticed a wire "going down the window." Tr. p. 14. The NRO then found a telephone cord running from a phone jack in the living room out the window and up the outside wall, which reentered the house at J.H.'s bedroom window and was connected to his computer. The NRO summoned Indianapolis Police Department Detective Jeffrey Thomas, who arrived to find that J.H.'s computer had an active internet connection as well as access notes to pornographic websites and pictures.
The following day, January 31, 2006, the probation department filed a Violation of Probation/Suspended Commitment under Cause No. 655 alleging as follows:
On 1/30/06, youth was found to have his computer on with internet access actively running. Further, it was reported that there was pornographic material located on the computer.
Appellant's App. p. 113. The probation department requested revocation of J.H.'s probation and alternative disposition. The juvenile court scheduled a hearing on the delinquency petition for theft under Cause No. 5216 (including violation of release conditions) and for violation of probation/suspended commitment under Cause No. 655 for the same day.
After the hearing on February 27, 2006, the juvenile court found the theft allegation under Cause No. 5216 not true but the allegation that J.H. violated his release conditions under Cause No. 5216 true. The court also found the December 5, 2005, Violation of Probation/Suspended Commitment under Cause No. 655 for committing the act of theft not true but the January 31, 2006, Violation of Probation/Suspended Commitment under Cause No. 655 for accessing the internet and pornographic material true. J.H. filed a motion to reconsider, which the court denied. At the dispositional hearing, the court awarded wardship of J.H. to the DOC and recommended that he be committed *432 to the DOC for a period of six months, that he complete a sexual offender treatment program, and that he successfully complete a vocational or GED program. J.H. now appeals.

Discussion and Decision
J.H. raises two issues on appeal, one of which we find dispositive: whether the juvenile court erred by revoking his probation/suspended commitment in Cause No. 655 for accessing the internet and pornographic material. Specifically, J.H. argues that "[a]t no time ... did the court inform [him] that he was to refrain from having an open internet connection or pornography on his computer as a condition of his probation or suspended commitment" in Cause No. 655. Appellant's Br. p. 11. Rather, he asserts that condition only applied to his release in Cause No. 5216, the theft case. As a result, J.H. claims that his due process rights were violated.
An individual at a probation revocation hearing does not possess the same rights with which he was endowed prior to a conviction. Bovie v. State, 760 N.E.2d 1195, 1199 (Ind.Ct.App.2002). However, the Due Process Clause of the Fourteenth Amendment does provide certain protections to an individual at a probation hearing. Id.; see also Braxton v. State, 651 N.E.2d 268, 269 (Ind.1995), reh'g denied. Among these rights is written notice of the claimed violations of probation that are sufficiently detailed to allow the probationer to prepare an adequate defense. Bovie, 760 N.E.2d at 1199; see also Braxton, 651 N.E.2d at 269. It is error for a probation revocation to be based upon a violation for which the probationer did not receive notice. Bovie, 760 N.E.2d at 1199.
The January 31, 2006, Violation of Probation/Suspended Commitment under Cause No. 655 alleged that J.H. "was found to have his computer on with internet access actively running. Further, it was reported that there was pornographic material located on the computer." Appellant's App. p. 113. However, as J.H. correctly notes, the conditions of his probation/suspended commitment in Cause No. 655 did not include not accessing the internet, and therefore, revocation based upon this allegation would be improper. At the revocation hearing, the State all but acknowledged this point, arguing that "when you violate your release conditions you're also violating your Probation[/]Suspended Commitment and therefore, when [J.H.] violated his Formal Home Detention [in the theft case by accessing the internet], he did also violate his Probation[/]Suspended Commitment at the same time." Tr. p. 38. On appeal, the State abandons this argument and instead argues that J.H.'s actions in accessing the internet and pornographic material were in indirect contempt[1] of the trial court's release conditions in Cause No. 5216 and therefore a violation of the condition of J.H.'s probation/suspended commitment in Cause No. 655 that he "obey all City, County, State, *433 and Federal laws." Appellant's App. p. 145.
J.H., however, did not have written notice of this claimed violation of his probation/suspended commitment in Cause No. 655 that was sufficiently detailed to allow him to prepare an adequate defense. See Bovie, 760 N.E.2d at 1199. Rather, the notice alleged that J.H. violated his probation/suspended commitment by accessing the internet and pornographic material. J.H.'s defense to that allegation was that the conditions of his probation/suspended commitment in Cause No. 655 did not include not accessing the internet. Importantly, the notice did not allege that J.H. violated the condition of his probation/suspended commitment that he obey all laws by being in indirect contempt of his release conditions in another case. As a result, J.H. was not at all prepared to defend against these allegations. This is especially troublesome given that the State did not even argue this theory before the juvenile court. Basing a probation revocation upon claimed violations for which the probationer received no notice is error because it violates due process. Bussberg v. State, 827 N.E.2d 37, 44 (Ind.Ct.App.2005), reh'g denied, trans. denied. The juvenile court so erred here, and we therefore reverse the revocation of J.H.'s probation/suspended commitment.
Reversed.
BAKER, J., and CRONE, J., concur.
NOTES
[1] "Contempt of court involves disobedience of a court that undermines the court's justice, authority, and dignity." Packer v. State, 777 N.E.2d 733, 738 (Ind.Ct.App.2002). Contempt can be direct or indirect. Id. "Indirect contempt is the willful disobedience of any lawfully entered court order of which the offender has notice." Id. (quotation omitted). On this point, Indiana Code § 34-47-3-1 provides:

A person who is guilty of any willful disobedience of any process, or any order lawfully issued:
(1) by any court of record, or by the proper officer of the court;
(2) under the authority of law, or the direction of the court; and
(3) after the process or order has been served upon the person;
is guilty of an indirect contempt of the court that issued the process or order.