**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 16 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER A. CAGE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS RAYFORD, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1212-CR-1029 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Thomas Newman, Jr., Judge
Cause Nos. 48D03-0609-FA-415 and 48D03-1008-FB-348

September 16, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Thomas Rayford, Jr. ("Rayford") appeals the trial court's revocation of his home detention and probation under cause number 48D03-0609-FA-415 ("FA-415") and his sentence under cause number 48D03-1008-FB-348 ("FB-348").

We affirm.

## ISSUES

1. Whether the trial court violated Rayford's due process rights when it revoked his home detention and probation.

2. Whether sufficient evidence supports the trial court's decision to revoke Rayford's home detention and probation.

3. Whether Rayford's sentence is appropriate under Indiana Appellate Rule 7(B).

## FACTS

On September 18, 2006, the State charged Rayford with Class A felony dealing in cocaine under FA-415. Rayford pled guilty on February 12, 2007, to the lesser included offense of Class B felony dealing in cocaine, and the trial court sentenced him to fifteen (15) years in the Indiana Department of Correction ("IDOC").

The trial court ordered an evaluation of Rayford's suitability for the Madison County Reentry Program, which he subsequently completed on June 10, 2010. Upon his return to the supervision of the trial court, Rayford was granted a 25% reduction of his original sentence, and, as a result, was placed on probation for 2,656 days, the balance of his sentence.

On August 2, 2010, the State charged Rayford with Class B felony unlawful possession of a firearm by a serious violent felon under FB-348. Based on this new criminal charge, the State filed a notice of violation of probation on August 6, 2010, seeking to revoke Rayford's probation in FA-415. Following an evidentiary hearing on September 8, 2010, the trial court revoked Rayford's probation in FA-415 and ordered the remainder of his sentence to be served in the IDOC.[1]

On April 5, 2012, the trial court modified Rayford's sentence and changed his placement from the IDOC to the Madison County Work Release Center following his guilty plea in FB-348. The trial court also ordered that Rayford's sentence in FB-348 be stayed and entered a sentence of six years executed on home detention, provided he could successfully complete one year of community corrections in FA-415. The order further provided that if Rayford's sentence in FA-415 was revoked for any reason, the trial court would hold a new sentencing hearing in FB-348 and the sentence in that cause would be open to the trial court's discretion. The exact language of Rayford's plea agreement is as follows:

> **Sentencing shall be stayed for period not to exceed one (1) year. If the Defendant successfully completes one (1) year of community corrections under 48D03-0609-FA-415, the Defendant's sentence herein shall be six (6) years executed on community corrections. If the Defendant's community corrections privileges are revoked for any reason under 0609-FA-415, sentencing shall be set within thirty (30) days of the revocation and the sentence will be open to the Court.**

(App. 53) (emphasis in original).

---

[1] A transcript of this proceeding was not submitted with Rayford's appeal.

3

On September 26, 2012, Rayford was arrested and charged with Class C felony dealing in marijuana and Class D felony possession of marijuana. As a result of this arrest, the State filed a petition to revoke Rayford's home detention and previously withheld sentence under FB-348. In its petition, the State alleged that Rayford had been arrested on the aforementioned charges, had violated probation and in-home detention rules by failing to "obey all state, federal, and municipal laws and behave well in society," and had violated his stayed sentence in FB-348 by failing to successfully complete one year of community corrections in FA-415. (App. 50).

On November 26, 2012, the trial court held an evidentiary hearing at which Detective Jake Brooks ("Det. Brooks") of the Anderson Police Department testified as to the details of Rayford's most recent arrest. According to Det. Brooks, the department's drug task force orchestrated a buy-bust involving Rayford's nephew, Donovan Sawyer ("Sawyer), who subsequently told Det. Brooks that he had purchased marijuana from Rayford and his girlfriend Nicole Sutherland Trout ("Trout"). Sawyer also told Detective Brooks that Rayford and Trout had an additional half-pound of marijuana stored in their car.

While the police were still questioning Sawyer and Rayford's father, a vehicle driven by Rayford with Trout as a passenger pulled up to the house and immediately drove away. The police then performed a traffic stop of Rayford's car and detected a strong odor of marijuana from inside the vehicle. Trout admitted to police that the vehicle contained marijuana, but she claimed it belonged to Rayford. A half-pound of

marijuana was found in Trout's purse, and Rayford and Trout were found to have $424 and $800, respectively, on their persons. The police also found a marijuana grinder within the vehicle.

After arresting Rayford and Trout, the police obtained and executed a search warrant for Trout's apartment. After being advised of her *Miranda* rights, Trout spoke to police about Rayford's involvement with the marijuana. She implicated herself as a seller and Rayford as her supplier. She told police that the marijuana in her apartment belonged to Rayford, and she correctly described where police could find the drug. At the revocation hearing, Trout testified as to Rayford's knowledge that she was selling marijuana, and she stated that he gave her the telephone number of someone she could call to obtain the drug.

Following the conclusion of the evidence, the trial court found by a preponderance of the evidence that Rayford had dealt marijuana. The judge noted, among other things, that Rayford did not behave well in society, had facilitated others in dealing marijuana, and had visited common nuisance areas where others were using illegal substances. Having found that Rayford had violated the conditions of his home detention and probation in FA-415, the trial court revoked his probation in FA-415 and ordered him to serve the remainder of his suspended sentence. The trial court also sentenced him to twenty (20) years in FB-348, to be served consecutively to his sentence in FA-415. Rayford now appeals the revocation of his probation in FA-415 and the appropriateness of his sentence in FB-348.

DECISION

1.    Due Process

Rayford first challenges whether the State afforded him due process in revoking his probation in FA-415.  Specifically, Rayford argues that statements made by the trial court judge regarding facilitating others in dealing and visiting a common nuisance indicate that these potential violations formed a part of the judge's revocation decision. The State maintains that the judge's statements were not themselves allegations, and that the judge was merely "noting details in the evidence presented that supported the violations previously outlined in the petition to revoke home detention." (State's Br. 13). The State further argues that even if the judge's remarks did constitute oral allegations, they would be harmless error in light of the other violations for which Rayford did receive notice.  We agree.

Under the Fourteenth Amendment, a defendant in a probation revocation hearing is entitled to: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973).  *See also Isaac v. State*, 605 N.E.2d 144, 148 (Ind. 1992); *Piper v. State*, 770 N.E.2d 880, 882 (Ind. Ct. App. 2002).

Due process provides that a defendant has a right to receive sufficiently detailed notice of his claimed violations in order to prepare an adequate defense. *Bovie v. State*, 760 N.E.2d 1195, 1199 (Ind. Ct. App. 2002) (citing *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997)). It is error for trial courts to revoke probation based upon violations for which a defendant received no notice. *J.H. v. State*, 857 N.E.2d 429, 433 (Ind. Ct. App. 2006). However, because proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation, a revocation based partly on a violation for which a defendant did not receive notice results in harmless error when that person is also found in violation regarding another offense for which he did receive notice. *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *reh'g denied, trans. denied*.

Here, Rayford was provided with sufficient notice of his alleged violations of probation. On September 27, 2012, the State filed a petition for termination of home detention in FA-415 and violation of executed / suspended sentence in FB-348, in which the State described how Rayford had been arrested the day before on charges of Class C felony dealing marijuana and Class D felony possession of marijuana. The petition also outlined Rayford's violations of the conditions of his home detention program, including (a) failing to obey all state, federal, and municipal laws, as well as failing to behave in society, and (b) that his most recent arrest violated his stayed sentence in FB-348 as Rayford failed to successfully complete one year of community corrections under FA-415.

7

Although Rayford argues that the trial court judge's aforementioned statements at the hearing constituted oral allegations of violations for which he was not given notice, his argument is unavailing in light of the other violations for which he was put on notice and against which he had the opportunity to prepare a defense. *See Bussberg*, 827 N.E.2d at 44 (holding that it was "harmless error" to base revocation partly on a violation for which the defendant did not receive notice when the defendant was also found in violation regarding another offense for which he did receive notice). The trial court found by a preponderance of the evidence that Rayford committed the probation violation of dealing in marijuana, a violation for which Rayford did receive notice. This violation alone was sufficient to revoke Rayford's probation, *id.*, and we need not reach the question about whether the trial court judge's remarks constituted oral allegations of any additional violations. We therefore find that Rayford's due process challenge is without merit.

2.     <u>Sufficiency of Evidence for Probation Revocation</u>

Rayford also challenges the sufficiency of the evidence supporting the trial court's decision to revoke his probation. Specifically, Rayford argues that the trial court erred in admitting hearsay statements by Sawyer that he claims were substantially unreliable. He also argues the trial court erred in crediting Detective Brooks' hearsay statements as to what Trout told police over Trout's own testimony at the revocation hearing. The State argues in response that the trial court acted within its discretion in admitting Detective

8

Brooks' testimony, and that we should decline Rayford's apparent invitation to reweigh evidence. We agree.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code. § 35-38-2-3. Indeed, violation of a single condition of probation is sufficient to revoke probation. *Richardson v. State*, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008), *reh'g denied*. Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's decision to revoke probation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App 2005), *trans denied*).

An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* Under this standard, an appellate court 'will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing the evidence of judging the credibility of witnesses." *Braxton v.*

9

*State*, 651 N.E.2d 268, 270 (Ind. 1995). "Because probation revocation hearings 'are to be flexible, strict rules of evidence do not apply.'" *Bass v. State*, 974 N.E.2d 482, 486 (Ind. Ct. App. 2012) (quoting *Cox v. State*, 706 N.E.2d 547, 550 (Ind. 1999)). Hearsay evidence is admissible in probation revocation proceedings so long as it is substantially trustworthy. *Bass*, 974 N.E.2d at 486 (citing *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007)). Ideally, the trial court should explain on the record why the hearsay evidence is reliable. *Id.*

Here, the trial court admitted Detective Brook's hearsay testimony as to Sawyer's statements over Rayford's objections, deeming Sawyer's statements reliable because it was against his interest to admit to selling drugs with Rayford as his supplier. Further, Sawyer's statements were corroborated by the subsequent search of Rayford's vehicle, during which police found the half-pound of marijuana Sawyer said would be present. Although Rayford cites *Newby v. State*, 701 N.E.2d 593, 599 for the proposition that defendants found with drugs in their possession do not make statements against their interest when they implicate others' involvement in the crime, as the State correctly points out, the present case is distinguishable from *Newby* in that it is a probation revocation, and "the strict rules of evidence and hearsay do not apply." *Cox*, 706 N.E.2d at 550; Ind. Evidence Rule 101(c)(2). The trial court need only be satisfied that the statements were reliable, and we cannot conclude here that the trial court abused its discretion in admitting Detective Brooks' hearsay testimony as to Sawyer's statements. Regarding Rayford's argument that Trout's statements at the hearing should be credited

over Detective Brooks' hearsay testimony as to what Trout told him, we recognize the challenge as merely an invitation to reweigh evidence, which we will not do. *See Braxton*, 651 N.E.2d at 270. Furthermore, because at the revocation hearing, Rayford only objected to Detective Brooks' testimony "regarding what Donovan Sawyer may have said" (Tr. 34), not what Trout said, he has waived that argument on appeal.

For the foregoing reasons, we affirm the trial court's revocation of Rayford's probation.

3.      Appropriateness of the Twenty-Year Sentence

Finally, Rayford challenges the appropriateness of his twenty-year sentence imposed in FB-348. A sentence authorized by statute will not be revised unless the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. App. Rule 7(B). The defendant bears the burden of persuading the appellate court that his sentence is inappropriate. *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010) (internal citation omitted). The principal role of a Rule 7(B) review "should be to attempt to leaven outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "'the culpability of the defendant, the severity of the crime, that damage done to others, and a myriad of other factors that come to light in a given case.'" *Calvert*, 930 N.E.2d at 643 (quoting *Cardwell*, 895 N.E.2d at 1224).

11

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress v. State*, 848 N.E.2d 1073, 1081. The sentencing range for a Class B felony is between six (6) and twenty (20) years, with the advisory sentence being ten (10) years. I.C. § 35-50-2-5. For Rayford's Class B felony unlawful possession of a firearm, the trial court imposed a twenty-year sentence.

As the State correctly points out, while Rayford argues that his sentence is inappropriate in light of his character, he makes no argument as to how the nature of his offense justifies revision of his sentence. (*See* Rayford's Br. 17-19). By neglecting to do so, Rayford has failed to meet his burden under Appellate Rule 7(B) and waives this issue for appellate review. Appellate Rule 46(A)(8)(a) (waiver based on failure to present a cogent argument). *See also Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App 2008) (explaining that "revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offense and his character" and holding that the appellant had waived appellate review of Rule 7(B) argument by failing to provide a cogent argument as required under Appellate Rule 46(a)(8)(a)) (emphasis in original). We will nevertheless address the merits of the arguments Rayford did include.

With regard to his character, Rayford admits that he has a "lengthy and serious history." (Rayford's Br. 17). He argues, however, that because he cannot be considered "the worst of the worst offenders," and because he was within five days of completing his

community corrections placement, the minimum, rather than the maximum sentence, would be the appropriate result. We disagree. Rayford's extensive criminal history includes two prior felony convictions for Class B felony dealing in in cocaine, Class D felony intimidation, and misdemeanor possession of a handgun. We do not find it compelling that Rayford was within five days of completing a community corrections placement in FA-415 which would have reduced his sentence in FB-345 to the minimum. His inability to successfully complete a year of probation with such high-stakes consequences only indicates a persistent disdain for legal authority, despite being afforded opportunities for rehabilitation. We also find unavailing his argument that he is not "the worst of the worst offenders." (Rayford's Br. 17). *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009) (finding a maximum sentence appropriate even if a defendant is "far from the 'worst of the worst'" where a "moderate record of criminal convictions and other contacts with the criminal justice system have not convinced [him] to reform himself."). Accordingly, we find that Rayford has not persuaded us that his sentence is inappropriate in light of his character.

As stated above, Rayford's brief is silent on the issue of whether the nature of his offense justifies revision of his sentence. Regardless, we find that the nature of his offense, Class B felony unlawful possession of a firearm by a serious violent felon, supports his twenty-year sentence. The advisory sentence range for a Class B felony is between six and twenty years, with an advisory sentence of ten years, and Rayford concedes that a sentence greater than the advisory is justified. Indeed, nothing about the

nature of the offense justifies a reduction in sentence. According to the probable cause affidavit, Rayford was arrested while on probation in FA-415, during the execution of a search warrant by police in a club known for criminal gang and drug activity. Rayford did not comply with police officer's requests that he keep his left hand visible and instead told police, "Fuck you." (Conf. App. 56.) Police subsequently found a revolver in Rayford's left front pocket during a pat-down. Accordingly, we find that the twenty-year sentence is justified in light of the nature of Rayford's offense.

Rayford has not persuaded us that his sentence is inappropriate. We therefore affirm the trial court's sentence.

Affirmed.

BARNES, J. and CRONE, J., concur.