Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**TRENNA S. PARKER**
Parker & Maguire Law Firm, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 31 2014, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

A.S.B., )
)
    Appellant-Respondent, )
)
        vs. ) No. 29A02-1307-JV-665
)
STATE OF INDIANA, )
)
    Appellee-Petitioner. )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Steven R. Nation, Judge
The Honorable Todd L. Ruetz, Master Commissioner
Cause No. 29D01-1112-JD-1793

**January 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

A.S.B., a juvenile, appeals the trial court's modification of its dispositional decree. A.S.B. raises one issue for our review, which we restate as whether the trial court violated his due process rights when it modified his placement without first conducting an evidentiary hearing. Concluding that A.S.B. has waived our review of his due process claim, we affirm.

**Facts and Procedural History**

In December 2011, the State filed a delinquency petition against A.S.B. alleging five counts, one of which would be a felony if committed by an adult, three of which would be misdemeanors, and one status offense. The trial court held a factfinding hearing on April 27, 2012. A.S.B. admitted to two of the counts of the delinquency petition; class D felony possession of a controlled substance and class B misdemeanor disorderly conduct. The trial court entered its dispositional order and order of probation accepting the dispositional agreement of the parties' which provided for A.S.B. to be placed on formal probation for a period of six months and that he be placed at the Youth Opportunity Center (the "YOC"). The court scheduled its first review hearing for July 2012.

Review hearings were subsequently held in July and October 2012. During that time the YOC filed numerous evaluations, individual treatment plans, progress reports, and recommendations with the trial court. The probation department also tendered incident reports to the trial court. Both the YOC and the probation department noted disruptive and inappropriate behavior by A.S.B. but recommended that A.S.B.'s placement continue at YOC while efforts were made to complete treatment. In April 2013, the trial court held another

review hearing during which it considered reports that A.S.B.'s behavior was still often inappropriate and that he had been placed on "suicide precautions" due to threats he had made regarding killing himself. Appellant's App. at 140. At the conclusion of the hearing, although the State recommended that A.S.B. be placed in the Department of Correction, the trial court ordered continued placement at the YOC.

On May 28, 2013, the trial court held another review hearing during which it considered several incident reports regarding A.S.B.'s disruptive behavior at the YOC. Again, although the State recommended that A.S.B. be placed in the Department of Correction, the trial court ordered continued placement at the YOC. The trial court warned A.S.B. that he would need to be placed in the Department of Correction if his behavior did not improve. A.S.B. apologized to the trial court and stated, "I'm really going to try." Tr. at 47.

Thereafter, on June 28, 2013, the trial court held a review hearing during which it considered incident reports from the YOC that A.S.B. had exhibited additional poor behavior. Prior to the hearing, the YOC submitted a recommendation that alternative placement be found for A.S.B. During the hearing, the State recommended placement at the Department of Correction. The trial court noted that the placement at the YOC had been "unsuccessful" and that A.S.B.'s behavior had become "out of control." *Id*. at 56-57. A.S.B.'s counsel requested time to investigate placements alternative to the Department of Correction and asked the court to schedule a follow-up review hearing in thirty days. The trial court indicated that it was inclined to grant the State's request for placement in the

Department of Correction but scheduled a follow-up review hearing to give A.S.B.'s counsel "an opportunity to review if there may be some alternatives." *Id*. at 56. On July 10, 2013, a final review hearing was held. After hearing argument of counsel and concluding that A.S.B.'s counsel had not recommended a viable alternative placement, the trial court entered a dispositional order placing A.S.B. in the Department of Correction.

**Discussion and Decision**

A.S.B. contends that his due process rights were violated when the trial court modified his disposition from the YOC to the Department of Correction without first conducting an evidentiary hearing. Indiana Code Section 31-37-22-3 governs the modification of juvenile court dispositions and provides in relevant part that "the probation officer shall give notice to the persons affected and the juvenile court shall hold a hearing on the question." This Court has recognized that although the juvenile modification statute does not explicitly define the type of hearing required prior to modification, we have concluded that "our consideration of basic due process principles instructs us an evidentiary hearing is required." *In re M.T.*, 928 N.E.2d 266, 269 (Ind. Ct. App. 2010), *trans. denied*.

The State concedes that the trial court here failed to hold a true "evidentiary" hearing prior to its modification of A.S.B.'s disposition, as no witnesses were sworn and no evidence was admitted. Appellee's Br. at 14. The State maintains, however, that A.S.B. has waived our appellate review of his due process claim. We agree.

"Due process rights are subject to waiver, and claims are generally waived if raised for the first time on appeal." *Pigg v. State*, 929 N.E.2d 799, 803 (Ind. Ct. App. 2010) (citing *In*

4

*re K.S.*, 750 N.E.2d 832, 834 n.1 (Ind. Ct. App. 2001) (finding waiver of claimed due process violation for lack of a permanency hearing because alleged violation was raised for first time on appeal)), *trans. denied*; *accord McBride v. Monroe County Office of Family & Children*, 798 N.E.2d 185, 194 (Ind. Ct. App. 2003) (finding waiver of alleged procedural due process violation in CHINS proceeding because due process claim was raised for first time on appeal).  A.S.B. appeared and was represented by counsel at each review hearing, including the final review hearing, but he never raised his due process claim to the trial court.  Instead, he and his counsel actively participated in and acquiesced to the more informal review hearing and modification procedures employed by the trial court.  Consequently, he cannot raise his due process claim for the first time on appeal.  *See White v. State*, 963 N.E.2d 511, 518 (Ind. 2012) (referencing general waiver principle that a party may not sit idly by and permit court to act in claimed erroneous matter and then attempt to take advantage of alleged error at later time). The claim is waived.

Affirmed.

BAKER, J., and NAJAM, J., concur.