Dewayne D. JOHNSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A05–9703–CR–92.

Court of Appeals of Indiana.

March 2, 1998.

Joseph P. Hunter, Muncie, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

SHARPNACK, Chief Judge.

Dewayne Johnson appeals the revocation of his probation. He raises two issues for our review which we restate as follows:

1) whether the evidence is sufficient to support the revocation of his probation; and

2) whether the trial court erroneously ordered him to serve the full sentences previously imposed for his convictions.

We reverse in part, affirm in part, and remand with instructions.

The facts most favorable to the judgment follow. On January 17, 1995, Johnson was convicted of battery resulting in bodily injury, a class A misdemeanor. The trial court sentenced him to one year, which was suspended, and placed him on supervised probation for one year. On February 28, 1995, he was convicted of disorderly conduct, a class B misdemeanor. The trial court sentenced him to six months, which was suspended, and placed him on supervised probation for six months.

On December 6, 1995, the probation department filed petitions to revoke Johnson's probation for both misdemeanors. After Johnson admitted the alleged probation vio-

lations, the trial court chose to extend Johnson's probationary period.

On February 21, 1995, and again on July 20, 1995, Johnson was charged with operating a vehicle while intoxicated, a class D felony. He pleaded guilty to both counts and was sentenced to three years on each count to run concurrently. The trial court also suspended these sentences and placed Johnson on probation. In September of 1996, the probation department filed petitions to revoke Johnson's probation for both the misdemeanors and the felonies. On November 12, 1996, the trial conducted a combined hearing for all four revocation petitions. The trial court found that Johnson had violated the conditions of his probation in all four cases and ordered the suspended sentences for each case to be executed, which totaled four and one half years.

### I.

The first issue raised for our review is whether the evidence is sufficient to support the revocation of Johnson's probation with respect to the two misdemeanor causes.[1] Because a probation hearing is civil in nature, the State must prove the alleged probation violation by a preponderance of the evidence. *Braxton v. State*, 651 N.E.2d 268, 270 (Ind.1995), *reh'g denied; see* Ind.Code § 35–38–2–3(e). In reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Braxton*, 651 N.E.2d at 270. Instead, we consider only the evidence most favorable to the trial court's decision to revoke probation. *Id.* We will affirm when there is substantial evidence of probative value to support the court's conclusion that a probationer has violated any condition of probation. *Id.*

Johnson first argues that the State failed to offer the conditions of his probation into evidence.[2] However, when the State offered proof of the violations at the hearing, Johnson made no objection on the grounds that the conditions under discussion were not

---

1. Johnson specifically limits his sufficiency argument to the misdemeanor convictions.

2. The conditions of the probation for the felony probations were offered at the hearing. However, the conditions for the misdemeanor probations were not formally offered into evidence.

actual conditions of his probation for the misdemeanors. Thus, he has waived our review of this contention. *See Bryce v. State,* 545 N.E.2d 1094, 1098 (Ind.Ct.App.1989) (holding that the defendant waived the issue of whether urine drug testing was a formal condition of his probation where he failed to object on this ground at the revocation hearing), *trans. denied.*

Johnson next argues that the evidence was insufficient to support the allegation that he tested positive for cocaine use. We agree. In her sworn petition for revocation, Johnson's probation officer for the misdemeanors, Heather Bowman, stated that "[t]he defendant's urine screen tested positive for cocaine on August 21, 1996 according to the records of Delaware County Court's Substance Abuse Program, and therefore has violated rule # 5 of the condition of supervised probation." Record, p. 150. At the hearing, in response to a question about how Johnson had performed on the terms of his probation, she made the general statement that "he did have some difficulty in regard to a drug screen that he received...." Record, p. 272. Later during the hearing, the following dialogue occurred between Johnson's Counsel and Bowman:

"Q. Has there, and part of the allegation, at least the allegation in your petition is that he had a positive screen, is that correct?

A. That's correct."

■ Record, pp. 304–305. Upon further examination by the State, Bowman responded as follows:

"Q. Is it true that testing positive would be a violation of probation at any time?

A. That is correct, rule # 5."

Record, p. 305. No further evidence of a positive screen for cocaine, including the test results of the drug screen, was offered at the hearing. In fact, "cocaine" was never specifically mentioned during the hearing. We conclude that such limited testimony does not constitute substantial evidence of probative value. *See Braxton,* 651 N.E.2d at 270. As such, the evidence is insufficient to support the trial court's conclusion that Johnson had tested positive for cocaine use in violation of the conditions of his probation for the misdemeanors.

■ Johnson also asserts that there is insufficient evidence to support the trial court's determination that he had violated the condition that he not commit a criminal offense. When a probationer is accused of committing a criminal offense, an arrest alone does not warrant the revocation of probation. *Gee v. State,* 454 N.E.2d 1265, 1267 (Ind.Ct.App. 1983). "However, if the trial judge, after a hearing, finds the arrest was reasonable and there is probable cause to believe the defendant had violated a criminal law, revocation will be sustained." *Id.*

■ The only evidence presented with respect to the allegation that Johnson had committed the crime of public intoxication while on probation was testimony by Bowman that "he did have a new arrest." Record, p. 272. The cause number of the arrest was also presented by the prosecutor through her questioning of Bowman. This testimony only constitutes evidence of an arrest. Furthermore, no evidence was presented from which the trial court could have probable cause to believe that Johnson committed the offense of public intoxication. Therefore, the evidence with respect to this alleged probation violation is insufficient to support the trial court's finding. *See Gee,* 454 N.E.2d at 1267.

Finally, Johnson argues that the evidence was insufficient to support the allegation that he had failed to pay fines and costs as a condition of his probation. We agree. The only evidence offered as proof of this violation was the following testimony by Bowman:

"Q. [prosecutor] Okay. And what has been your experience with this defendant with regard to the failure, or to the payment of fines and costs in these matters?

\*   \*   \*   \*   \*   \*

A. ... To the best of my knowledge he still owes $113.00 Court costs, $1.00 fine in CM–292 and $113.00 Court costs and $1.00 fine in CM–237 and due to the computer's being down I was not able to confirm that today.

Q. Okay. When is the last time that you checked to see whether or not those were, had been paid or not?

A. When I filed the petition, September.

Q. Okay, and as of that date they were still outstanding?

A. Correct."

Record, p. 274.

■ Even if this testimony were sufficient to prove that Johnson had failed to pay the costs and fines, I.C. § 35–38–2–3(f) states that "[p]robation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." The State failed to offer any evidence which would support that Johnson "recklessly, knowingly, or intentionally fail[ed] to pay." I.C. § 35–38–2–3(f). Because the State failed to meet its burden of proof, the evidence is insufficient to support the alleged probation violation of failure to pay court costs and fines.

In sum, we conclude that the evidence is insufficient to support the alleged probation violations for the misdemeanors. Accordingly, we reverse the revocation of Johnson's probation with respect to these two causes.

## II.

The next issue raised for our review is whether the trial court erroneously ordered him to serve the sentences previously imposed for his convictions. Johnson maintains that, under the circumstances, it was erroneous to impose the full original sentences.[3] He asserts that we should apply the standard for sentence review from Ind. Appellate Rule 17, which requires us to determine whether the sentence imposed is "manifestly unreasonable." App.R. 17(B).

■ However, we do not agree that App.R. 17 is the appropriate standard to be applied. When reviewing a trial court's decision to order a defendant's previously sus-

pended sentence to be executed after revoking probation, we will not review the propriety of an original sentence. With respect to such a determination, Ind.Code § 35–38–2–3(g) provides that upon finding a violation of probation, a trial court may:

"(1) continue the person on probation, with or without modifying or enlarging the conditions;

(2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or

(3) order execution of the sentence that was suspended at the time of initial sentencing."

This section of the statute gives the trial court options upon finding that a defendant has committed a violation of his probation. The provision of these options by the statute implies that the trial court has discretion in deciding which option is appropriate under the circumstances of each case. As such, we will only review the trial court's decision for an abuse of discretion.

With respect to ordering the original sentence to be executed, we have previously held that "[s]o long as the proper procedures have been followed in conducting a probation revocation hearing pursuant to IC 35–38–2–3, the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Monday v. State,* 671 N.E.2d 467, 468 (Ind.Ct.App.1996) (citing *Mitchell v. State,* 619 N.E.2d 961, 963 (Ind.Ct.App.1993), *overruled on other grounds,* 659 N.E.2d 220, 223 n. 2 (Ind.Ct.App.1995)).

Therefore, we must determine whether the circumstances surrounding Johnson's probation violations make the trial court's decision to order his full original sentences an abuse of discretion. The revocation petition that we now review is actually the second petition for revocation with respect to the misdemeanor convictions. On a prior petition for revocation, the trial court found Johnson in

---

3. Johnson contends that the full sentences for all four probation revocations should not have been imposed. However, because we have reversed the revocation for the two misdemeanors, we will, in effect, only address the sentences ordered

executed for the probation revocation with respect to the two felonies. The original sentence for the two felonies consisted of three years for each felony to run concurrently.

violation of the conditions of his probation for the misdemeanors. However, instead of revoking his probation and ordering Johnson to execute the original sentences, the trial court chose to restart the originally imposed probation period. In addition, the trial court ordered the Delaware County Community Corrections Department to arrange for Johnson to enter an inpatient substance abuse program if he tested positive in any of the subsequent drug screens. Johnson asserts that because the department of community corrections failed to make arrangements for inpatient treatment following the trial court's order, it was unreasonable for the trial court to impose the full original sentence. We disagree.

Our review of the record reveals that there was an attempt made to place Johnson in an inpatient program but that he was "not responsive" and "not cooperative" to the suggestion. Record, p. 287. Furthermore, Johnson was enrolled in a daytime intensive outpatient program at Comprehensive Mental Health Services. When Bowman was asked whether arrangements had been made for Johnson to enter an inpatient program she responded:

> "No, to my knowledge inpatient is not an option until someone has failed at outpatient treatment and according to my records, he was going through an outpatient program as deemed necessary and were referred to by Community Corrections. So inpatient was not an option at that time."

Record, p. 305.

Given that Johnson was receiving treatment for his substance abuse problem and that the trial court had already graciously chosen not to revoke his probation on one prior occasion, we conclude that the trial court's decision to order execution of his full sentence for the two felonies was not an abuse of discretion.

Accordingly we affirm the trial court's decision to impose the original sentences. However, because we have reversed the revocation of Johnson's probation for the two misdemeanors, we remand with instructions for the trial court to modify Johnson's sentence to reflect the exclusion of the sentences for the misdemeanors.

For the foregoing reasons we reverse in part, affirm in part, and remand with instructions.

Reversed in part, affirmed in part, and remanded with instructions.

RUCKER and GARRARD, JJ., concur.