Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 03 2013, 7:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRYAN E. BARRETT**
Rush County Public Defender's Office
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WESLEY CASHDOLLAR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 70A01-1204-CR-139 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE RUSH SUPERIOR COURT
The Honorable David E. Northam, Judge
Cause No. 70D01-0307-FA-228

**July 3, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Wesley Cashdollar ("Cashdollar") appeals the Rush Superior Court's revocation of his probation. Cashdollar argues that the trial court abused its discretion when it ordered Cashdollar to serve seventy-one months executed after Cashdollar violated the terms of his probation.

We affirm.

**Facts and Procedural History**

On March 17, 2005, Cashdollar pleaded guilty to Class B felony dealing in cocaine. As part of the plea agreement, the State and Cashdollar agreed that Cashdollar would serve a ten-year sentence and that the two additional felony charges of dealing cocaine would be dismissed. On April 20, 2005, when Cashdollar failed to appear at his sentencing hearing, the trial court held him in contempt and issued a warrant for his arrest. On May 17, 2005, the State filed a Motion to Vacate Plea Recommendation and to Set Jury Trial. The trial court granted the motion.

Ten days before the rescheduled trial, on May 6, 2009, Cashdollar again pleaded guilty to Class B felony dealing in cocaine. The trial court sentenced him to twelve years in the Indiana Department of Correction. The plea agreement provided that the State would agree to a sentence modification and suspension of the remainder of the sentence to probation after Cashdollar had completed six years' incarceration which, with credit for good behavior, would amount to three years of incarceration.

On April 29, 2011, Cashdollar filed a Petition for Sentence Modification. After a hearing on the petition, the trial court issued a July 7, 2011 order suspending the remainder of Cashdollar's sentence to probation. The order included a special condition

that Cashdollar complete a drug and alcohol rehabilitation program with Certified Counseling Services, Inc. ("CCS").

Cashdollar began the rehabilitation program at CCS on July 7, 2011. Not quite three months later, on September 29, 2011, Ron McKiernan, the President of CCS, reported to the Rush County Probation Department that Cashdollar had admitted to using Opana, an opiate, and, thus, had failed to comply with CCS's rehabilitation program requirements.[1] Thereafter, Mark Fields of the Rush County Probation Department filed a Verified Petition of Probation Violation and on October 11, 2011, Cashdollar was arrested for the probation violation.

On November 7, 2011, Cashdollar and the State entered into a plea agreement calling for Cashdollar to serve a three-year sentence. In the agreement, Cashdollar admitted that he had violated the terms of his probation. The trial court, however, voiced "serious reservations" about the agreement. Appellant's App. p. 93. On January 20, 2012, the State filed a Motion to Withdraw Plea Agreement and Set Adjudicatory Hearing. The trial court granted the motion and held the adjudicatory hearing on the petition on March 2, 2012. At the hearing, Cashdollar admitted leaving CCS's recovery program but denied the use of drugs.

Cashdollar asked the court to place him in Lighthouse Recovery Center for treatment or to allow him to serve a combination of executed time and placement for treatment. Instead, the trial court revoked Cashdollar's probation and sentenced him to

---

[1] On September 28, 2011, approximately six weeks after entering the program at CCS, Cashdollar admitted to a CCS employee that he had used Opana, a controlled substance forbidden by the recovery program. Cashdollar permanently left CCS that night.

seventy-one months executed at the Indiana Department of Correction with credit for 456 days. Cashdollar now appeals.

**Discussion and Decision**

Cashdollar argues that the Rush Superior Court abused its discretion when it sentenced Cashdollar to the entire seventy-one month suspended sentence because the sentence was unsupported by a "sufficient legal or factual basis." Appellant's Br. at 3. We disagree.

Probation is "a matter of grace left to trial court discretion." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). It is a "conditional liberty" of a criminal defendant, rather than a right. Black v. Romano, 471 U.S. 606, 610 (1985); Braxton v. State, 651 N.E.2d 268, 269 (Ind. 1995). Accordingly, pursuant to Indiana Code section 35-38-2-3, a trial court may, upon a defendant's violation of the terms of his probation, 1) continue the original probation sentence; 2) extend the probationary period for no longer than one year beyond the original period; and/or 3) order the execution of all or part of a previously suspended sentence. A criminal defendant may "appeal the terms of a sentence ordered to be served in a probation revocation proceeding that differ from those terms originally imposed." Stephens v. State, 818 N.E.2d 936, 939 (Ind. 2004).

We review a trial court's decision to revoke probation for abuse of discretion, considering only that evidence which is most favorable to the trial court's judgment. Prewitt, 878 N.E.2d at 188; Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008). A trial court abuses its discretion when its decision "is clearly against the logic and effect of the facts and circumstances." Prewitt, 878 N.E.2d at 188. Upon review, we neither assess the

4

credibility of the witnesses nor reweigh the evidence. Woods, 892 N.E.2d at 639. Further, we do not review the appropriateness of the original sentence imposed on the defendant. Johnson v. State, 692 N.E.2d 485, 488 (Ind. Ct. App. 1998).

While, at his probation revocation hearing, Cashdollar admitted only that he violated the terms of his probation and denied using Opana, CCS President Ron McKiernan had previously reported that Cashdollar admitted using Opana. Cashdollar claims, however, that the trial court "did not properly take into account the facts of his case and illegally concluded that it had no other choice but to sentence [Cashdollar] to the remaining suspended time." Appellant's Br. at 12. Cashdollar points out that he "has been attempting to better his life and his personal situation." Appellant's Br. at 14. He further emphasizes that his probation violation did not involve the commission of a new crime, but rather, the desertion of "a rehabilitation center that he believed was not adequate for his individual and spiritual needs, in addition to his well-being." Appellant's Br. at 13.

We applaud Cashdollar for seeking to improve his life. However, we cannot say that the trial court's revocation of Cashdollar's probation defies logic and the effect of facts and circumstances before the court. Cashdollar agreed to comply with the terms of his probation, including the condition that he successfully complete the rehabilitation program at CCS. Cashdollar violated that term when he left CCS before completion of the program, approximately two months after the trial court had modified his sentence to probation.[2]

---

[2] In Bussberg v. State, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), trans denied, this court observed that even one violation of a probation condition justifies the trial court's decision to revoke probation.

Upon finding that Cashdollar violated the terms of his probation, the trial court properly looked to Indiana's probation revocation statute to determine the range of consequences that would follow. See Ind. Code § 35-38-2-3(g). This statute gives the trial court broad discretion to order execution of all or part of Cashdollar's suspended sentence.

While Cashdollar could possibly benefit from the rehabilitation program at Lighthouse Recovery Center he put forward to the trial court as an alternative sentencing placement, Indiana statute does not require the trial court to seek out alternatives other than incarceration for a defendant who fails to comply with his probation terms. As to Cashdollar's denial that he used the opiate Opana before he left CCS, it is important to remember that we do not reweigh evidence or assess the credibility of witnesses. For these reasons, we conclude that the trial court acted within its discretion when it revoked Cashdollar's probation and ordered him to serve seventy-one months executed in the Department of Correction.

**Conclusion**

The trial court did not abuse its discretion when it revoked Cashdollar's probation and ordered him to serve seventy-one months in the Department of Correction.

Affirmed.

BAKER, J., and MAY, J., concur.