## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 22 2015, 8:39 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Douglas R. Long<br>Anderson, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Christina D. Pace<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dequincy Clay,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 22, 2015<br><br>Court of Appeals Case No.<br>48A02-1502-CR-116<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Angela Warner Sims, Judge<br><br>Trial Court Cause No.<br>48C01-1007-FC-247 |

**Bailey, Judge.**

# Case Summary

Dequincy Clay ("Clay") appeals the revocation of his probation. He presents a single, consolidated issue, challenging the sufficiency of the evidence in support of the revocation. We affirm.

# Facts and Procedural History

On March 5, 2012, Clay pled guilty to Carrying a Handgun Without a License, as a Class C felony.[1] He was sentenced to five years imprisonment, with two years executed on in-home detention, and three years suspended to probation. Clay's probation began on April 4, 2013.

On December 5, 2014, the State filed a Notice of Probation Violation, alleging that Clay had committed new criminal offenses against his wife, Kari Clay ("Kari"), including Battery, Criminal Recklessness, Pointing a Firearm, Strangulation, and Intimidation.[2] On January 26, 2015 and February 11, 2015, the trial court held an evidentiary hearing. Kari testified concerning events that had occurred on November 17, 2014. The State also submitted photographic exhibits documenting severe injuries to Kari's face and body.

---

[1] Ind. Code § 35-47-2-1.

[2] The State also alleged that Clay had consumed alcohol in violation of a condition of his probation. This allegation was subsequently dismissed.

The trial court revoked Clay's probation and ordered that he serve 910 days of his previously-suspended sentence. This appeal ensued.

# Discussion and Decision

Clay contends that the revocation decision lacks sufficient evidentiary support. More particularly, he claims that the State bore the burden of establishing the conditions of his probation through the testimony of the probation officer, certified documents, or having the trial court take judicial notice of its records showing the probationary conditions. He further claims that his counsel failed to make an appropriate objection highlighting the omission.

A probation revocation hearing is not equivalent to an adversarial criminal proceeding. *Cox v. State*, 706 N.E.2d 547, 550 (Ind. 1999). However, the Due Process Clause applies to probation revocation proceedings, and the due process rights of a probationer include: "written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral and detached hearing body[.]" *Id.* at 549. Because probation revocation procedures "are to be flexible, strict rules of evidence do not apply." *Id.*

A defendant is not entitled to serve a sentence in either probation or a community corrections program. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). Rather, such placement is a "matter of grace" and a "conditional

liberty that is a favor, not a right." *Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995).

[8]     Probation may be revoked for violation of a probation condition. *Runyon v. State*, 939 N.E.2d 613, 616 (Ind. 2010). Indiana Code Section 35-38-2-1(b) provides in relevant part: "[i]f the person commits an additional crime, the court may revoke the probation." The State must prove the violation by a preponderance of the evidence. *Runyon*, 939 N.E.2d at 616. If a defendant violates the conditions of his probation, the court may impose sanctions after conducting a hearing:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2.3(h).

[9]     At Clay's probation revocation hearing, Kari testified to the following. On November 17, 2014, Clay struck Kari repeatedly, with his fists and with a gun. Clay strangled Kari, kicked her, and pulled out her hair. Clay also pointed a gun at Kari's son. Clay threatened Kari with a knife. He smashed a framed photograph against Kari's head, telling her that she would be meeting her deceased mother. Kari suffered a concussion, extensive bruising, and a fractured frontal plate in her face. Kari required thirteen stiches near her eye.

She was hospitalized for two days. The State also submitted several photographs depicting Kari's extensive injuries.

[10] This is sufficient evidence from which the fact-finder could conclude, by a preponderance of the evidence, that Clay committed an additional crime. Pursuant to Indiana Code Section 35-38-2-1, the trial court was authorized to revoke Clay's probation.

[11] Clay asks that we disregard this testimonial and documentary evidence and require compliance with the suggestion of the second footnote in *Lampley v. State*, 31 N.E.3d 1034 (Ind. Ct. App. 2015), that is:

> We note that Lampley's conditions of probation were not entered into evidence, though they were included in the appendix on appeal. The better practice is for the State to introduce the conditions either through the testimony of the probation officer, certified documents, or having the trial court take judicial notice of its records showing the probationer's conditions of probation. Not entering the conditions of probation into evidence has previously been argued to this court. *See Johnson v. State*, 692 N.E.2d 485, 486 (Ind. Ct. App. 1998). However, because Johnson did not object to evidence of the alleged violation in that case, we deemed his argument waived. *Id.* at 487. We caution that failing to enter the conditions of probation into evidence runs the risk of not satisfying the substantial evidence of probative value standard we use on review. *See, e.g., id.*

[12] We do not disagree with the cautionary language of *Lampley*. However, in the instant Notice of Probation Violation, the State alleged that Clay had committed new crimes. All probationers are required to refrain from

committing other crimes. *I.C.*, § 35-38-2-1. The State need not have established that Clay was subject to, or violated, another term of probation to support the revocation decision. For this reason, an objection by Clay's counsel would have been futile.[3]

[13] The decision to revoke Clay's probation and order reinstatement of a portion of his previously-suspended sentence is supported by sufficient evidence.

[14] Affirmed.

Baker, J., and Mathias, J., concur.

---

[3] Clay claims to have a Sixth Amendment right to effective assistance of trial counsel; however, probation revocation proceedings are not equivalent to a criminal trial. *See Cox*, 706 N.E.2d at 550 ("It is well settled that probationers are not entitled to the full array of constitutional rights afforded defendants at trial.")