## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2016, 6:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian R. Chastain
Dillman, Chastain, Byrd, LLC
Corydon, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Office of Attorney General

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael C. Stollings,

*Appellant-Defendant,*

v.

The State of Indiana,

*Appellee-Plaintiff*

July 21, 2016

Court of Appeals Case No.
22A01-1512-CR-2123

Appeal from the Floyd Superior Court

The Honorable Susan L. Orth

Trial Court Cause No.
22D01-1407-FC-1248

**Bailey, Judge.**

# Case Summary

[1] Michael C. Stollings ("Stollings") appeals the revocation of his probation in Cause No. 22D01-1407-FC-1248 in Floyd Superior Court. He brings two issues in his appeal: (1) whether there was sufficient evidence to support the court's decision to revoke his probation; and (2) whether he was entitled to credit time applicable to the probation violation sanction. We affirm.

# Facts and Procedural History

[2] On or about May 27, 2014, Stollings beat his wife,[1] Shannon Grabner ("Grabner"), resulting in brain trauma and serious bodily injury. Stollings was charged with Battery Resulting in Serious Bodily Injury, a Class C felony.[2] Stollings entered into a plea agreement, and on January 22, 2015, he was sentenced to five years, three years executed, two suspended. In light of this offense, the trial court issued a no-contact order against Stollings for the benefit of Grabner, and a protective order against Stollings for the benefit of Grabner, Shirley Lay ("Lay"), and two others. (Confidential Exhibit at 12) Both orders prohibited Stollings from going anywhere he knew Grabner would be.

[3] On August 27, 2015, Stollings was released to probation after completing the executed portion of his sentence. (Tr. at 59) He was expected to report to a

---

[1] Grabner and Stollings have since divorced.

[2] Ind. Code § 35-42-2-1(a)(3). We refer to the version of the statute in effect at the time of his offense. Under the revised criminal code, Stollings's offense would be considered a Level 5 felony.

probation intake meeting with probation officer Clare Banet ("Banet") on September 22, 2015. (Tr. at 60) The appointment was scheduled for two o'clock that afternoon. (Tr. at 60)

[4] Stollings did not attend that meeting. Instead, he was walking down an alley nearby Grabner's residence in New Albany. There he encountered Jerry Clark ("Clark"), a roommate of Lay and Grabner. Lay, who had seen Stollings near the property moments before, called the police. (Tr. at 51)

[5] Officer Juliann Condra ("Officer Condra") was dispatched to the residence after Lay had called law enforcement. Upon her arrival, she interviewed Grabner, Lay, and Clark, and learned that Stollings had left walking south down the alley. (Tr. at 6, 8) Officer Condra walked down the alley and spotted Stollings walking about 200 feet away. (Tr. at 7) When Officer Condra called after him, he stopped. (Tr. at 23) When she approached Stollings, Officer Condra noted that he smelled of alcohol, was unsteady on his feet, and acted aggressively. (Tr. at 8) Officer Condra did not perform a field sobriety test because of Stollings's aggressive nature. (Tr. at 8) She arrested Stollings on 4:20 p.m., more than two hours after his missed probation appointment. (Tr. at 60)

[6] Following his arrest, Stollings was charged with two counts of invasion of privacy, Class A misdemeanors,[3] and one count of public intoxication, a Class

---

[3] I.C. § 35-46-1-15.1. Stollings is charged under subsection (2) with violating an ex parte protective order issued under I.C. § 34-26-5, and violating a no contact order as a condition of probation under subsection (6).

B misdemeanor,[4] under the cause number 22D01-1509-CM-1776 ("invasion charges"). On October 5, 2015, Banet issued a Notice of Probation Violation, ordering Stollings to appear in court to admit or deny the violation. (App. 43) The notice alleged that Stollings had violated the following terms of his probation: "good behavior; failure to report to Probation Officer as directed; commitment of a new criminal offense; use of alcohol and/or drugs not prescribed by [a] physician; violation of No Contact Order as ordered on 5/28/15; and failure to pay Probation User Fees totaling $190." (App. 43)

[7] On the following day, Stollings had a pre-trial hearing where he was appointed counsel for the probation violation hearing. The trial court also set bond for the invasion case. On November 4, 2015, the trial court held Stollings's probation revocation hearing. The court found that Stollings had violated the terms of his probation. The court thus revoked Stollings's two-year suspended sentence and ordered that those two years be served in the Department of Correction. The court did not award any credit time for pretrial confinement. This appeal followed.

# Insufficient Evidence of Probation Violation

[8] Stollings first claims that there was insufficient evidence to prove that he had violated the terms of his probation. A defendant is not entitled to serve a

---

[4] I.C. § 7.1-5-1-3(a).

sentence on probation. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). Rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995). While an offender is on probation, Indiana Code Section 35-38-2-1(b) provides in relevant part: "[i]f the person commits an additional crime, the court may revoke the probation."

[9] During a revocation hearing, the trial court must make two determinations: (1) whether a violation of the terms of probation has occurred; and (2) if the probationer has violated the terms, what sanctions should be imposed. *Pierce v. State,* 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). One violation of a condition of probation is enough to support a probation revocation. *Id.* Under Indiana law, the State must prove a probation violation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f).

[10] When reviewing a claim of insufficient evidence, we consider only the evidence most favorable to the judgment. *Johnson v. State*, 692 N.E.2d 485, 486 (Ind. Ct. App. 1998). We neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We will affirm when there is substantial probative evidence to support the trial court's conclusion that the probationer violated his probation. *Id.*

[11] In the Notice of Probation Violation, the State alleged six violations as grounds for probation revocation, (App. 43); however, the trial court found four violations: that Stollings used alcohol; that he violated the terms of the No

Contact and Protective orders while on probation; that he failed to report to his probation officer; and that he was charged with another criminal offense while on probation, specifically, public intoxication. (Tr. at 65-66)

[12] Both Clark and Lay testified to seeing Stollings leaning against the fence surrounding Grabner's residence while she was there. This action was a direct violation of the Protective Order, which states "The Respondent (Stollings) is ordered to *stay away from the residence* and/or place of employment of the Petitioner (Grabner)." (Confidential Exhibit at 12; emphasis added) Stollings also directly violated the No Contact Order, which prohibits him from visiting any locations Grabner is known to be located. (App. 31) Furthermore, Officer Condra testified that when she approached Stollings, he smelled of alcohol, was unsteady, and acted aggressively. Although she did not have Stollings perform a field sobriety test, such measures are not necessary to prove intoxication. *See, e.g.*, *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*; *Ballinger v. State*, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999). Lastly, Banet testified that Stollings did not come to his probation intake meeting scheduled on the same day as the incident. Thus, there is sufficient evidence supporting the trial court's finding that Stollings violated his probation.

# Credit Time

[13] Stollings next claims that the trial court erred in not awarding any credit time for his pretrial confinement in imposing the probation revocation sanction. Defendants are entitled by statute to credit for time spent in confinement before

sentencing. *McAllister v. State*, 913 N.E.2d 778, 782 (Ind. Ct. App. 2009). Generally, because presentence jail time credit is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit. *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007).

[14] A non-credit-restricted felon awaiting trial or sentencing on a misdemeanor charge is assigned to Class A. I.C. § 35-50-6-4(a). "A person assigned to Class A earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." I.C. § 35-50-6-3.1(b). Credit time is earned for time spent in confinement as a result of the charge for which the defendant is being sentenced. *Bischoff v. State*, 704 N.E.2d 129, 130 (Ind. Ct. App. 1998), *trans. denied*.

[15] However, if, after being arrested for a crime, a person commits another crime before the date the person is to be discharged from probation, "the terms of imprisonment shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed." I.C. § 35-50-1-2(e). When consecutive sentences are required, credit time cannot be earned against each underlying sentence. *Brown v. State*, 907 N.E.2d 591, 595 (Ind. Ct. App. 2009). Such an interpretation would result in "double credit," essentially allowing the sentences to be served concurrently, not consecutively. *French v. State*, 754 N.E.2d 9, 17 (Ind. Ct. App. 2001); *Diedrich v. State*, 744 N.E.2d 1004, 1006 (Ind. Ct. App. 2001) (citing *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied*).

[16] The key question in this case is whether Stollings was at any point incarcerated as a result of his probation violation charges. On September 22, 2015, Stollings was arrested for public intoxication and two counts of invasion of privacy for violating the No Contact and Protective Orders while on probation for the battery case. He remained incarcerated on the invasion charges when the Notice of Probation Violation was filed on October 5, 2015. It is undisputed that this time was served as a result of the new charges filed on September 22. Stollings asserts his incarceration for the probation violation started on October 6, 2015, the day of his pre-trial hearing on both the invasion charges and the probation revocation. However, he provides little support on which this conclusion can stand. During that hearing, the trial court did not set bond in the probation violation, but did set bond for the invasion charges. Furthermore, the language of the Notice of Probation Violation is merely an order to appear, not a warrant for Stollings's arrest in connection with the probation violation. Thus, it is apparent that Stollings's pretrial confinement was not a result of the probation violation, but rather of the invasion charges for which he was initially arrested on September 22, 2015. As such, to grant Stollings credit time from October 6, 2015, to November 4, 2015, would be to essentially grant Stollings double credit on potential consecutive sentences.

# Conclusion

[17] There was sufficient evidence upon which the trial court could conclude that Stollings violated his probation. The trial court did not err when it denied Stollings credit time for his pretrial incarceration.

[18] Affirmed.

Bradford, J., and Altice, J., concur.