## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Ronald K. Smith
Muncie, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kelvin Lamonte Lampkins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 14, 2018

Court of Appeals Case No.
18A02-1711-CR-2750

Appeal from the Delaware Circuit Court

The Honorable Marianne L. Vorhees, Judge

Trial Court Cause No.
18C01-1410-F2-1

**Pyle, Judge.**

## Statement of the Case

Kelvin L. Lampkins ("Lampkins") appeals the revocation of his probation, arguing that there was not sufficient evidence to support the revocation and that the trial court abused its discretion by ordering him to serve six years of his previously suspended eight-year sentence. Finding no error, we affirm the trial court's judgment.

We affirm.

## Issues

1. Whether the trial court abused its discretion by revoking Lampkins' probation.

2. Whether the trial court abused its discretion by ordering Lampkins to serve part of his previously suspended sentence.

## Facts

In October 2014, the State charged Lampkins, under this cause 18C01-1410-F2-0001, with Level 2 felony dealing in a narcotic drug; two counts of Level 4 felony dealing in a narcotic drug; Level 6 felony possession of a controlled substance; Class A misdemeanor possession of marijuana; and Level 6 felony unlawful possession of a legend drug.[1] The State also alleged that he was an habitual offender.

---

[1] Lampkins' Level 6 felony possession of a controlled substance and Class A misdemeanor possession of marijuana charges were enhanced based on him having a prior drug-related conviction.

[4]     While Lampkins was on bond in this case, he was charged, under cause number 18C01-1412-F6-0061, with committing additional offenses in Delaware County. Specifically, he was charged with Level 6 felony resisting law enforcement and two counts of Class A misdemeanor possession of a controlled substance.

[5]     In January 2017, Lampkins entered into a plea agreement and pled guilty to one of the Level 4 felony dealing in a narcotic drug charges in exchange for the dismissal of the remaining counts and habitual offender allegation in this cause and the dismissal of charges from cause 18C01-1412-F6-0061.[2]

[6]     In February 2017, the trial court held a sentencing hearing, during which Lampkins presented character witnesses. Lampkins, who was sixty years old at the time of sentencing, had multiple convictions in Indiana and other states. The trial court specifically noted that Lampkins had three prior drug-related convictions, had been incarcerated for each of them, and had failed to take advantage of rehabilitative opportunities. The trial court acknowledged that Lampkins had pled guilty and noted that his character witnesses, who had "vouched for [Lampkins'] character[,]" showed that he had "community support" that was important for his rehabilitation. (Tr. Vol. 2 at 20, 21). The trial court imposed an eight (8) year sentence, with all eight (8) years suspended to supervised probation.

_____

[2] The plea agreement also provided that an infraction in cause 18C01-1611-IF-34 would be dismissed.

[7] A couple of months later, on May 1, 2017, the State filed a notice of probation violation, alleging that Lampkins had violated his probation by committing another criminal offense in Marion County. Specifically, the State alleged that Lampkins had been "charged in 49G20-1704-F5-015630 with: Count 1: Possession of a Narcotic, Level 5 felony and Count 2: Possession of Marijuana, Class A Misdemeanor." (App. Vol. 2 at 112).

[8] The trial court held a probation revocation hearing on October 2, 2017. During the hearing, the State presented testimony from Lampkins' probation officer, Vickie Reed ("Probation Officer Reed"), who testified that Lampkins had been charged in Marion County, under cause number 49G20-1704-F5-015630. The State also offered certified copies of the charging information (State's Exhibit 1) and the sentencing order (State's Exhibit 2) from that Marion County cause.

[9] State's Exhibit 1 revealed that "Kelvin Lampkins" was charged with Level 5 felony possession of a narcotic drug and Class A misdemeanor possession of marijuana on April 25, 2017, and both charges specifically referred to Lampkins' current Delaware County conviction for "Dealing a Narcotic Drug under cause number 18C01-1410-F2-000001" as the basis for enhancing the two Marion County charges. (State's Ex. 1). State's Exhibit 1 also contained Lampkins' date of birth, race, and gender. The exhibit, however, did not contain a complete cause number and listed the cause number as "49G21[.]" (State's Ex. 1). State's Exhibit 2 contained the full Marion County cause number and revealed the following: "Kelvin Lampkins" pled guilty to a lesser-included offense of Level 6 felony possession of a narcotic drug; the Class A

misdemeanor possession of marijuana charge was dismissed; Lampkins was sentenced to two years, with one year executed and one year suspended; and his sentence was to run consecutively to "18C01-1410-F2-000001[,]" this current Delaware County cause. (State's Ex. 2). When the State moved to admit the two exhibits, Lampkins objected, arguing that the charging information did not contain a complete cause number and that the sentencing order did not contain Lampkins' date of birth or some other identifying information. The trial court overruled the objection, noting that Lampkins' argument went "to the weight, not the admissibility." (Tr. Vol. 2 at 29).

[10] After the State rested, Lampkins moved for dismissal of the revocation petition, arguing that the State's exhibits were "insufficient." (Tr. Vol. 2 at 30). The trial court disagreed and noted that both of the State's exhibits referenced the cause number from Lampkins' current Delaware County case. The trial court also noted that State's Exhibit 1, the charging information, contained Lampkins' race, gender, and date of birth, and Probation Officer Reed confirmed that Lampkins' date of birth was the same as the date listed on State's Exhibit 1. The trial court also looked at cause number 49G20-1704-F5-015630 in Odyssey and took judicial notice that the charging information from that cause contained the same cause number as the sentencing order in State's Exhibit 2. The trial court concluded that the "Kelvin Lampkins" who was charged and convicted in the Marion County cause was "the same Kelvin Lampkins" who was appearing before the trial court for the revocation hearing. (Tr. Vol. 2 at 31). Accordingly, the trial court determined that Lampkins had violated his

probation by committing a new offense. The trial court revoked Lampkins' probation and ordered him to serve six years of his previously suspended eight-year sentence.[3] Lampkins now appeals.

# Decision

Lampkins argues that the trial court abused its discretion by: (1) revoking his probation; and (2) ordering him to serve six years of his previously suspended eight-year sentence. We will address each argument in turn.

## 1. Revocation of Probation

Lampkins challenges the trial court's determination that he violated probation by committing a new offense while on probation.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). The State must prove the alleged violation by a preponderance of the evidence. I.C. § 35-38-2-3(f).

---

[3] During the dispositional hearing, the trial court took judicial notice of the original sentencing hearing. The transcript of that sentencing hearing is contained in the record on appeal.

[14]   We review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Id.* When reviewing a trial court's determination that a probation violation has occurred, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*.

[15]   "When a probationer is accused of committing a criminal offense, an arrest alone does not warrant the revocation of probation." *Johnson v. State*, 692 N.E.2d 485, 487 (Ind. Ct. App. 1998). Likewise, the mere filing of a criminal charge against a defendant does not warrant the revocation of probation. *Martin v. State*, 813 N.E.2d 388, 391 (Ind. Ct. App. 2004). Instead, when the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense. *Heaton*, 984 N.E.2d at 617.

[16]   Here, the State alleged that Lampkins had violated his probation by committing another criminal offense in Marion County. The probation revocation notice alleged that Lampkins had been "charged in 49G20-1704-F5-015630 with: Count 1: Possession of a Narcotic, Level 5 felony and Count 2: Possession of Marijuana, Class A Misdemeanor." (App. Vol. 2 at 112). During the revocation hearing, Probation Officer Reed testified that Lampkins had been

charged in Marion County under cause number 49G20-1704-F5-015630. The State also admitted certified copies of the charging information and sentencing order from that Marion County cause—State's Exhibit 1 and Exhibit 2, respectively—to show that Lampkins had been charged and convicted of another crime. State's Exhibit 1 revealed that Lampkins had been charged with Level 5 felony possession of a narcotic drug and Class A misdemeanor possession of marijuana on April 25, 2017. Both charges in the charging information specifically referred to Lampkins' current Delaware County conviction for dealing in a narcotic drug and the current Delaware County cause number of "18C01-1410-F2-000001[.]" (State's Ex. 1). State's Exhibit 1 also contained Lampkins' date of birth, race, and gender, and Probation Officer Reed confirmed that Lampkins' date of birth was the same as the date listed on State's Exhibit 1. While State's Exhibit 1 did not contain a complete cause number, the trial court—without objection from Lampkins—took judicial notice of the record in cause number 49G20-1704-F5-015630 and noted that the charging information contained a complete cause number and that it was the same as the cause number on the sentencing order in State's Exhibit 2. Additionally, State's Exhibit 2 revealed that, pursuant to Lampkins' guilty plea to the lesser-included offense of Level 6 felony possession of a narcotic drug, he had been convicted in Marion County and that his Marion County sentence in 49G20-1704-F5-015630 was to run consecutively to his current Delaware County conviction in cause number "18C01-1410-F2-000001[.]" (State's Ex. 2).

[17] Lampkins argues that there was not sufficient evidence to support the trial court's revocation of his probation. He does not challenge the admissibility of State's Exhibit 1 or Exhibit 2. Instead, he argues that the State's exhibits were "insufficient to show a violation." (Lampkins' Br. 8). The crux of his argument is that State's Exhibit 1 was insufficient to support his revocation because it did not contain a full cause number and did not match the complete cause number mentioned in the petition to revoke his probation. He acknowledges, however, that, under Evidence Rule 201, the trial court took judicial notice of the Marion County cause and that it took judicial notice of the charging information that contained the full Marion County cause number.

[18] Lampkins' argument is nothing more than a reiteration of his sufficiency argument to the trial court, which was rejected, and a request to reweigh the evidence, which we will not do. *See Sanders*, 825 N.E.2d at 955. Because the evidence was sufficient to show by a preponderance of the evidence that Lampkins violated the terms of his probation by committing a new offense in Marion County, we affirm the trial court's revocation of his probation.

## 2. Order to Serve Part of Suspended Sentence

[19] Lampkins also argues that the trial court abused its discretion by ordering him to serve six years of his previously suspended eight-year sentence. He contends that the trial court's decision was "unreasonable" and that the trial court should have placed him on home detention. (Lampkins' Br. 10).

[20] Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders*, 825 N.E.2d at 956). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[21] The record reveals that the trial court had ample basis for its decision to order Lampkins to serve six years of his previously eight-year suspended sentence in the Indiana Department of Correction. Most significantly, the trial court— when originally sentencing Lampkins—showed tremendous leniency to him and imposed a fully-suspended eight-year sentence. Lampkins squandered this opportunity and committed another drug-related crime within a few months of being put on probation. Furthermore, Lampkins' criminal history includes felony drug-related convictions, such as dealing in cocaine and possession of a controlled substance in Indiana in 2005; unlawful possession of cannabis in Illinois in 1995; possession of a controlled substance in California in 1990; and possession of a narcotic controlled substance in California in 1989. Based on

the record before us, we conclude that the trial court did not abuse its discretion by ordering Lampkins to serve six years of his previously suspended eight-year sentence. For the foregoing reasons, we affirm the trial court's revocation of Lampkins' probation.[4]

[22] Affirmed.

Vaidik, C.J., and Barnes, J., concur.

---

[4] Lampkins asserts that he "would analogize the trial court's decision herein to that of the trial court in the case of <u>Ripps v. State</u>, 968 N.E.2d 323 (Ind. Ct. App. 2012)." (Lampkins' Br. 10). Lampkins, however, provides no analogy, analysis, nor cogent argument of how *Ripps* is applicable to support his argument that the trial court abused its discretion. Accordingly, he has waived any such argument. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring argument be supported by cogent reasoning with citations to authority); *Majors v. State*, 773 N.E.2d 231, 235 n.2 (Ind. 2002) (concluding that the defendant had waived arguments not supported by cogent argument).