## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2018, 11:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ralph J. Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 10, 2018

Court of Appeals Case No.
18A-CR-1279

Appeal from the Vigo Superior
Court

The Honorable Sarah K. Mullican,
Judge

Trial Court Cause No.
84D03-1305-FB-1449

**Pyle, Judge.**

## Statement of the Case

Ralph J. Johnson ("Johnson") appeals the revocation of his probation, arguing that the trial court violated his right to due process by failing to sufficiently specify the reasons for revoking his probation. Finding no due process violation, we affirm the trial court's judgment.

We affirm.

## Issue

> Whether the trial court violated Johnson's right to due process when revoking his probation.

## Facts

In 2013, the State charged Johnson with: Count 1, Class B felony unlawful possession of a firearm by a serious violent felon; Count 2, Class D felony resisting law enforcement; Count 3, Class D felony operating a vehicle as an habitual traffic violator; and Count 4, Class B misdemeanor public intoxication. On June 19, 2014, the day of Johnson's scheduled jury trial, he entered into a plea agreement with the State. He agreed to plead guilty to Class B felony unlawful possession of a firearm by a serious violent felon and Class D felony resisting law enforcement in exchange for the State's dismissal of the remaining charges. The parties agreed that Johnson would receive an aggregate sentence of ten (10) years, with six (6) years executed in the Department of Correction and four (4) years suspended to probation. The plea agreement also included specific probation terms regarding abstaining from drug and alcohol use and

obtaining drug and alcohol treatment. The trial court accepted Johnson's plea agreement and imposed concurrent sentences of ten (10) years for Johnson's Class B felony conviction and three (3) years for his Class D felony conviction. For this aggregate ten (10) year sentence, the trial court ordered, pursuant to the plea agreement, that six (6) years were to be executed and four (4) years were suspended to probation.

[4] On November 20, 2017, the State filed a notice of probation violation, alleging that Johnson had violated probation by committing another criminal offense. Specifically, the State alleged that Johnson had been arrested on November 14, 2017 and had been charged with operating a vehicle after being an habitual traffic offender and operating a vehicle while intoxicated endangering a person. Shortly thereafter, on December 7, 2017, the State filed an amended notice of probation violation, adding two additional violations. Specifically, the State alleged that Johnson: (1) had been arrested on December 5, 2017 and had been charged with public intoxication and disorderly conduct; and (2) had tested positive for alcohol on November 3, 2017 and November 29, 2017.

[5] The trial court held a probation revocation hearing on January 18, 2018. During the hearing, Johnson's probation officer testified that Johnson had violated probation because he: (1) had been arrested for and charged with operating a vehicle after being an habitual traffic violator and operating a vehicle while intoxicated on November 14, 2017; (2) had been arrested for and charged with public intoxication and disorderly conduct on December 5, 2017; and (3) had tested positive for alcohol on November 3 and November 29, 2017.

[6] During the revocation hearing, Johnson admitted that had an alcohol problem. He also stated that he was taking antabuse. When Johnson's counsel asked him about the State's allegations that he had "picked up a couple of new cases that [we]re pending[,]" Johnson responded, "[u]h, alcohol related, yes[.]" (Tr. Vol. 2 at 15). On cross-examination, Johnson acknowledged that he had "had a relapse" and that he had not taken the antabuse daily. (Tr. Vol. 2 at 16). He also testified that he would be willing to go through a substance abuse program if the trial court were to order him to do so.

[7] At the end of the hearing, the trial court confirmed that neither party had any further evidence and engaged in the following discussion with the parties:

> THE COURT: And you're asking me to find that he violated the (indiscernible) terms and conditions of his probation?
>
> [THE STATE]: Yes your Honor.
>
> THE COURT: And the -- [defense counsel].
>
> [DEFENSE COUNSEL]: Well, we can't argue he has the pending cases, so --
>
> THE COURT: Okay. So I'm gonna find that you violated probation, Mr. Johnson. I'm gonna revoke you and send you to the Vigo County Jail and have Mr. Macke see you this afternoon. I may consider – I am not sure what the result will be and the disposition. I need some more information before I decide . . . and I'm gonna reset this for a hearing um, and I need an evaluation from Mr. Macke. I also need an alcohol and drug evaluation um, from Hamilton Center, um, and set this for disposition.

(Tr. Vol. 2 at 20-21).

[8]     That same day, the trial court issued a written order, revoking Johnson's probation. In relevant part, the trial court's order provided: "Witnesses are sworn and this Cause comes before the Court for hearing on the Notice of Probation Violation filed herein. Evidence is presented. The Court having heard the same and being duly advised in the premises, now find [Johnson] has violated the terms of his probation in this matter." (App. Vol. 2 at 124). The trial court also issued an order that Johnson be evaluated by various therapeutic programs, including Home of Hope, Freebirds Solution Center, Club Soda, and Odyssey House. The trial court also held four additional hearings on January 22, 2018, February 15, 2018, March 15, 2018, and April 16, 2018, to determine the appropriate sanction and placement for Johnson.

[9]     At the final disposition hearing on April 16, the State presented testimony from Johnson's neighbor, Cecil Keller ("Keller"), who testified that he and his wife had had multiple problems with Johnson since he had moved next to them in August 2017. Keller testified that it had "been nothing but uh, drunkenness and uh, drugs and driving while suspended and running in and out and drug traffic." (Tr. Vol. 6 at 6). Additionally, Keller testified that he had called the police on Johnson seventy-four times because Johnson frequently walked around the yard completely naked or naked with a sock on his penis. Keller also testified that he had gotten a protective order against Johnson because he had threatened to kill Keller's wife and dogs and had threatened to commit a sexual act against Keller's wife.

[10]	When Johnson testified, he disputed Keller's testimony that he had been completely naked and that he had had drugs. Johnson, however, admitted that he had an alcohol problem, and he asked to be put into one of the substance abuse programs. When Johnson's counsel asked him about his pending charges, Johnson acknowledged that he had some. He stated that "part of this revocation is the D.U.I. charges" and said that he had been evaluated for community corrections in that case. (Tr. Vol. 6 at 19). Johnson also admitted that he had been charged with four crimes in the prior twelve months: (1) an indecent exposure charge, which was dismissed; (2) a resisting law enforcement charge, to which he pled guilty; (3) a "drunk and disorderly" charge; and (4) a D.U.I. charge, which was pending. (Tr. Vol. 6 at 20). He also acknowledged that his arrests were all related to his alcohol abuse.

[11]	At the end of the hearing, the trial court stated:

> Well . . . my concern is that you were – you went to the Indiana Department of Corrections (sic.), you were given an executed sentence, placed on formal probation, ordered to do multiple things, including Hamilton Center, abstain from alcohol, receive treatment, and you may have stayed sober for a period of time but in a very short period of time you were arrested multiple times and didn't abstain from alcohol until the Court, until the Court revoked your sentence. So I'm inclined to revoke the balance of your sentence and place you in Purposeful Incarceration. If you receive the treatment you need, then the Court will consider reducing that sentence. But it appears to me that Freebirds, Club Soda, that's not enough for you Mr. Johnson. You need to address your alcohol issues, and then additionally, address your mental health treatment.

(Tr. Vol. 6 at 32-33). That same day, the trial court issued an order, revoking Johnson's probation and ordering him to serve his previously suspended four (4) year sentence in the Department of Correction. The trial court, as stated during the hearing, placed Johnson in purposeful incarceration and noted that it would consider a sentence modification upon his completion of his therapeutic program. Johnson now appeals.

# Decision

[12] Johnson contends that the trial court violated his right to due process by failing to specify the reasons for revoking his probation.

[13] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "A probation hearing is civil in nature[,]" *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*, and "probationers do not receive the same constitutional rights that defendants receive at trial." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), *reh'g denied*. "Although probationers are not entitled to the full array of constitutional rights afforded defendants at trial, 'the Due Process Clause of the Fourteenth Amendment [does] impose [ ] procedural and substantive limits on the revocation of the conditional liberty created by probation.'" *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008) (quoting *Debro v. State,* 821 N.E.2d 367, 374 (Ind. 2005)).

[14] One requirement of due process provided to a probationer at a revocation hearing includes a written statement by the factfinder as to the evidence relied

upon and reasons for revoking probation. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). The requirement for a written statement "is a procedural device aimed at promoting accurate fact finding and ensuring the accurate review of revocation decisions." *Hubbard v. State*, 683 N.E.2d 618, 620-21 (Ind. Ct. App. 1997) (footnote omitted). *See also Medicus v. State*, 664 N.E.2d 1163, 1164 (Ind. 1996) ("Due process requires that the reasons for revoking probation be clearly and plainly stated by the sentencing judge not merely to give appellant notice of the revocation, but also to facilitate meaningful appellate review."). "[A] trial judge's oral statement, if it contains the facts relied upon and reasons for revocation, and is reduced to writing in the transcript of the hearing, is sufficient to satisfy this requirement." *Wilson v. State*, 708 N.E.2d 32, 33 (Ind. Ct. App. 1999).

[15] Johnson contends that the trial court's revocation of his probation did "not comport with due process" because the trial court "merely made a legal conclusion" that he had violated probation and did not specify whether the revocation was based on the allegation that he had committed a new offense or the allegation that he had used alcohol. (Johnson's Br. 10). He contends that the probation officer's testimony that he had been arrested and charged with new criminal offenses was not sufficient to show that he had committed the new offenses. He, however, concedes that the State presented sufficient evidence to show he had violated probation by using alcohol, and he acknowledges that the "violation of just one condition is sufficient to revoke [a

defendant's] probation[.]" (Johnson's Br. 13). Nonetheless, he asks us to remand to the trial court "for reconsideration of whether revocation was an appropriate sanction." (Johnson's Br. 13).

[16] Here, the State alleged that Johnson had violated probation by: (1) committing additional criminal offenses on two separate occasions; and (2) using alcohol. During the revocation hearing, the State presented one witness, Johnson's probation officer, who testified that Johnson had violated probation by being arrested and charged in two separate causes and by testing positive for alcohol on two different dates. When Johnson testified, he admitted that he had an alcohol problem and that he had relapsed. He also acknowledged that he had pending charges that were "alcohol related[.]" (Tr. Vol. 2 at 15). At the end of the revocation hearing, when the trial court was determining whether to find that Johnson had violated the terms of his probation, Johnson's counsel stated that acknowledged Johnson "c[ould]n't argue he has the pending cases[.]" (Tr. Vol. 2 at 20).[1] Thereafter, the trial court revoked Johnson's probation. The trial court's oral statements at the hearing and its written order, along with the hearing transcript, indicate that the reasons for revoking Johnson's probation were the allegations contained in the amended revocation petition. Because the trial court's oral and written statements satisfy the written statement requirement and serve the requirement's purpose of giving notice of the reasons

---

[1] The parties dispute the meaning of the statement of Johnson's counsel. The State contends that Johnson's counsel admitted that Johnson had committed the new offenses, while Johnson contends that the statement was merely an acknowledgment that Johnson had pending cases.

for the revocation—even reasons that may be improper[2]—and facilitating meaningful review, we conclude that the trial court did not violate Johnson's due process rights. *See, e.g.*, *Hubbard*, 683 N.E.2d at 621 (the trial court's written revocation order, which provided the reasons for revocation, and the hearing transcript, which provided the evidence underlying the revocation, "provide[d] an adequate basis for appellate review" and were "adequate to satisfy the separate writing requirement"). Accordingly, we affirm the trial court's order revoking Johnson's probation.

[17] Affirmed.

Najam, J., and Crone, J., concur.

---

[2] We agree with Johnson that, in this specific case, the trial court's reliance on his new offenses was an improper reason for revoking his probation as the State's evidence at the revocation hearing showed merely that Johnson was arrested and charged for new offenses, not that he had committed them. "When a probationer is accused of committing a criminal offense, an arrest alone does not warrant the revocation of probation." *Johnson v. State*, 692 N.E.2d 485, 487 (Ind. Ct. App. 1998). Likewise, the mere filing of a criminal charge against a defendant does not warrant the revocation of probation. *Martin v. State*, 813 N.E.2d 388, 391 (Ind. Ct. App. 2004). Instead, when the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove, by a preponderance of the evidence, that the defendant committed the offense. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013). Because the State did not present evidence to show that Johnson had committed the new offenses, the trial court's reliance on this reason to revoke Johnson's probation was improper. *See, e.g.*, *Heaton*, 984 N.E.2d at 617 (holding that to revoke a defendant's probation based on the allegation that he committed a new criminal offense, the trial court must find that the evidence established by a preponderance of the evidence that the defendant committed a new criminal offense). Nevertheless, we need not remand to the trial court because it is undisputed that Johnson's alcohol use remains a valid basis for the trial court's revocation of his probation. "Proof of a single violation of the conditions of a defendant's probation is sufficient to support a trial court's decision to revoke probation." *Hubbard*, 683 N.E.2d at 622 (holding that any error in revoking a defendant's probation based upon an improper reason was harmless where other valid reasons for the revocation exist).